1
2
3
4
5
6

### IN THE UNITED STATES DISTRICT COURT

7

### FOR THE DISTRICT OF ARIZONA

8

FRANCISCO CAMPOS GUERRERO,          )
                                    )
9            Petitioner,            )
                                    )
10               v.                 )      CIV 06-0812 PHX NVW (MEA)
                                    )
11                                  )
GREG FIZER and                      )
12  ARIZONA ATTORNEY GENERAL,       )      REPORT AND RECOMMENDATION
                                    )
13          Respondents.            )
    _____)

14
15

**TO THE HONORABLE NEIL V. WAKE:**

16
17            On March 20, 2006, Petitioner filed a *pro se* petition
18  seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254.
19  Respondents filed an Answer to Petition for Writ of Habeas
20  Corpus ("Answer") on August 3, 2006.    Docket No.   11.
21  Respondents assert Petitioner's federal habeas claims were not
22  properly exhausted in the Arizona state courts and are
23  procedurally defaulted and, therefore, that the petition must be
24  denied and dismissed with prejudice.

25            **I Procedural History**

26            On October 15, 2002, Petitioner was indicted on one
27  count of attempted sexual assault, a Class 3 felony, one count
28  of kidnapping, a Class 2 felony, and five counts of indecent

exposure, Class 6 felonies.  <u>See</u> Answer, Exh. A.  The kidnapping and attempted sexual assault charge were alleged as dangerous crimes against children because the alleged victim was under fifteen years of age.  <u>Id.</u>, Exh. B.

Petitioner had not previously been arrested for or convicted of any felonies.  <u>Id.</u>, Exh. E at 9.  On February 25, 2003, Petitioner entered into a plea agreement.  <u>Id.</u>, Exh. B, C, D.  Petitioner agreed to plead guilty to the count of attempted sexual assault and the charge of kidnapping.  <u>See</u> <u>id.</u>, Exh. C at 3-22.  Pursuant to the plea agreement, the government dismissed the five related counts of indecent exposure.  <u>Id.</u>, Exh. C at 17.  The plea agreement also provided the crimes would be pled as nondangerous, nonrepetitive offenses and not as dangerous crimes against children, although the victim was under 15 years of age.  <u>Id.</u>, Exh. A at 1 & Exh. C at 15.

At the plea hearing, the trial judge was not willing to approve the plea agreement after hearing defense counsel's and the government's recitation of the events giving rise to the indictment.  <u>Id.</u>, Exh. C at 6-7.  The trial judge questioned Petitioner about his exact actions; Petitioner agreed he had pulled the victim toward his exposed penis and said: "Suck this."  <u>Id.</u>, Exh. C at 7.  The trial court reviewed the Arizona kidnapping statute and inquired whether the factual basis for the plea was sufficient to support a conviction for kidnapping.  <u>Id.</u>, Exh. C at 9-10.  The trial judge queried Petitioner regarding his intent, and then concluded the requisite intent was established by Petitioner's answers to the court's

-2-

questions.  Id., Exh. C at 9-10.  The trial judge concluded there was a factual basis on the record to support Petitioner's guilty plea.  Id., Exh. C at 18-19.

The trial judge explained the range of sentences for Petitioner's conviction on the charges stated in the indictment, with and without the plea agreement.  Id., Exh. C at 10-16. Petitioner indicated that he understood his options and the sentencing ranges applicable with and without the plea agreement.  Id., Exh. C at 17.

Petitioner told the court he had read the plea agreement.  Id., Exh. C at 17.  Petitioner indicated he understood the plea agreement and understood the rights he was waiving by signing the plea agreement.  Id., Exh. C at 17-18. Petitioner stated he had discussed his case and his "Constitutional rights" with his counsel.  Id., Exh. C at 17. When asked if anyone had forced or threatened Petitioner to "make him" plead guilty, Petitioner responded "No."  Id., Exh. C at 18.  The court concluded Petitioner's guilty pleas were knowingly and intelligently made and accepted the plea agreement and Petitioner's guilty pleas.  Id., Exh. C at 18-19.

A hearing was conducted regarding Petitioner's sentence.  Id., Exh. E.  Petitioner's wife, father, and employer spoke on Petitioner's behalf at his sentencing hearing.  Id., Exh. F.  Petitioner spoke on his own behalf and stated he knew what he "did was wrong."  Id., Exh. E at 12.  On March 28, 2003, Petitioner was sentenced to five years imprisonment on the kidnapping conviction and to lifetime probation on the attempted

1   sexual assault conviction. <u>Id.</u>, Exh. F at 15-18.

2       Petitioner filed a timely action for post-conviction

3   relief in the Arizona Superior Court on June 9, 2003. <u>Id.</u>, Exh.

4   G. Petitioner was appointed counsel, who informed the court he

5   could find no meritorious issues to raise on Petitioner's

6   behalf. <u>Id.</u>, Exh. I. Petitioner filed a *pro se* petition for

7   post-conviction relief on January 23, 2004.

8       Petitioner asserted his trial counsel did not show an

9   interest in his case and that counsel did not properly

10  investigate disparities in the victims' statements. <u>Id.</u>, Exh.

11  J. Petitioner also asserted his lawyer

12          scared [him] into signing a plea. He told me
            its to risky to fight and to injoy my time I
13          have out... He said if I fight and loose I'll
            do 60 to 80 years or so. By signing I'll get
14          five... My wife and I decided to play it
            safe....(sic)
15
16  <u>Id.</u>, Exh. J. Petitioner asserted he was innocent of all of the

    charges against him. Petitioner further averred:
17
18          To get the plea my lawyer had me admit to
            things I never did.... As for fileing for R-
19          32 he said not to because the cops will
            harass and treat me bad. Thats unprofecional
20          of him.... I'm not good at writing or reading
            if I could call you it will be better. (sic)

21  <u>Id.</u>, Exh. J.

22      The Arizona Superior Court denied post-conviction

23  relief on April 4, 2004. <u>See id.</u>, Exh. J & Exh. L. The trial

24  court concluded:

25          Defendant has not stated a colorable claim
            for ineffective assistance of counsel. The
26          alleged facts that Defendant's lawyer did not
            return Defendant's phone calls and viewed a
27          videotape a few days before an unspecified

28                              -4-

court date do not satisfy Defendant's burden. Defendant has not shown that his lawyer fell below the standard of defense attorneys or that the result of his case would have been different. In Court, Defendant told the judge that he agreed that he pulled the victim toward his penis and said "suck this". He also stated that no one forced him to plead guilty. The fact that he plead guilty to avoid a tougher sentence if convicted at trial, is not coercion. Nor is it ineffective representation for his lawyer to recommend a plea in these circumstances.

<u>Id.</u>, Exh. L.

With permission, Petitioner filed a timely action for review of the decision denying post-conviction relief on July 23, 2004. <u>Id.</u>, Exh. Q. Petitioner asserted he did not understand the plea agreement, that he had been in special education classes throughout his school years and that he had a "deficiency to comprehend." <u>Id.</u>, Exh. Q. Petitioner again asserted his counsel had coerced him into signing the plea agreement. <u>Id.</u>, Exh. Q. Petitioner asserted his counsel "clearly" told him he would get only one or two years in prison as a sentence pursuant to the plea agreement. <u>Id.</u>, Exh. Q. The Arizona Court of Appeals denied review on July 27, 2005. <u>Id.</u>, Exh. S. Petitioner sought review of this decision by the Arizona Supreme Court on September 14, 2005, which was denied on February 14, 2006. <u>Id.</u>, Exh. V & Exh. W.

Petitioner asserts he is entitled to federal habeas relief because:

1. He was denied his right to the effective assistance of counsel. Petitioner asserts his counsel told him to admit he had pulled the victim to him and said "suck this" when this

event never occurred. Petitioner also asserts he did not understand the plea agreement because he has a reading disability and because his attorney did not explain the plea agreement to him. Petitioner also asserts his counsel was not available to him prior to his plea hearing and that counsel did not investigate a defense to the charges against Petitioner.

2. His crime occurred in the parking lot of a federal post office and, therefore, he would like to "proceed" in federal court.[1]

Respondents assert Petitioner procedurally defaulted his federal habeas claims by failing to properly and completely exhaust these claims in the Arizona state courts.

**II Discussion**

The Court appreciates Respondents' thorough argument regarding Petitioner's procedural default of his habeas claims by not fairly presenting them to the state courts as federal constitutional claims. However, the Court notes the Arizona Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court were presented with the opportunity to consider the legal adequacy of the performance of Petitioner's counsel and the factual basis for Petitioner's claim his counsel was

---

[1] The Court will not address the merits of this claim because the claim does not assert the denial of a federal constitutional right. Petitioner does not have a federal statutory or constitutional right to "venue" in the federal court for a crime charged by the State of Arizona.

constitutionally ineffective.[2]   Mindful of the admonition to broadly construe habeas petitions,[3] the Court will not address the issues regarding exhaustion and procedural default but instead address the merits of Petitioner's claim he was deprived of his right to the effective assistance of counsel.[4]

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are governed by the doctrine of Strickland v. Washington.  See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992).  The Strickland standard requires a defendant to "show that his

---

[2] Petitioner asserts his counsel "pressured him into saying things that never happened."  Petition at 5.  In his action for post-conviction relief, he asserted his attorney "scared" him into entering a plea agreement and that his attorney made him admit things that he did not do.  Answer, Exh. Q & Exh. V.  Petitioner arguably stated a claim that his counsel was constitutionally ineffective in his petition for review to the Arizona Supreme Court in his Rule 32 action, notwithstanding his failure to cite to the United States Constitution or federal law.  See Laurore v. Spencer, 267 F. Supp. 2d 131, 135 (D. Mass. 2003).  But see Glavan v. Alaska Dep't of Corr., 397 F.3d 1198, 1201-04 (9th Cir. 2005).  Compare Sanders v. Ryder, 342 F.3d 991, 999-1001 (9th Cir. 2003); Pursell v. Horn, 187 F. Supp. 2d 260, 288 (W.D. Pa. 2002); Medley v. Gramley, 987 F. Supp. 1080, 1085 (N.D. Ill. 1997).  Cf. Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 1606 (2000) (concluding the purpose of the "complete exhaustion rule" is not to "trap the unwary pro se prisoner."), quoted in Sanders, 342 F.3d at 999.

[3] See, e.g., Sanders, 342 F.3d at 999; Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir.) (stating this principle while concluding the petitioner did not adequately exhaust their claims), cert. denied, 126 S. Ct. 738 (2005).

[4] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2005).

counsel's performance was deficient, and that the deficient performance prejudiced him." Lambright v. Stewart, 241 F.3d 1201, 1206 (9th Cir. 2001), citing Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

Additionally, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Hill, 474 U.S. at 58, 106 S. Ct. at 369; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). A lawyer's advice to plead guilty in the face of strong inculpatory evidence does not constitute ineffective assistance of counsel. See United States v. Cassidy, 428 F.2d 383, 384 (9th Cir. 1970); Schone v. Purkett, 15 F.3d 785, 790 (8th Cir. 1994); Jones v. Dugger, 928 F.2d 1020, 1028 (11th Cir. 1991); Hogan v. Ward, 998 F. Supp. 290, 294 (W.D.N.Y. 1998).

> [A] defendant has the right to make a reasonably informed decision whether to accept a plea offer. In McMann v. Richardson, the seminal decision on ineffectiveness of counsel in plea

situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." <u>McMann</u>, 397 U.S. at 771, 90 S. Ct. 1441. Thus, for [the petitioner] to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." <u>Id.</u> at 772, 90 S. Ct. 1441. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

<u>Turner v. Calderon</u>, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

Petitioner has not established his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Petitioner faced a presumptive term of 10 years imprisonment if he went to trial and was convicted only on the charge of attempted sexual assault of a minor under the age of 15. <u>See</u> Ariz. Rev. Stat. Ann. §§ 13-1001 & 13-604.1(I) (2003). Petitioner faced a presumptive sentence of 17 years imprisonment if convicted of kidnapping a minor under the age of 15. <u>See</u> <u>id.</u> § 13-604.1(D). Petitioner was sentenced to a term of five years imprisonment pursuant to his conviction for kidnapping, followed by lifetime probation. The plea agreement negotiated by Petitioner's counsel resulted in a prison sentence greatly diminished from that faced by Petitioner if he went to trial on all of the charges against him. Had the government insisted Petitioner be charged with dangerous crimes committed against a child,

Petitioner faced a presumptive sentence of 17 years imprisonment just on the conviction for kidnapping, which sentence could have been imposed consecutively to any sentence for attempted sexual assault on a minor.[5]

Petitioner's counsel's performance was competent with regard to the terms of the plea agreement entered into by Petitioner.    Without the specific sentencing provisions negotiated by counsel, Petitioner could have received more time in prison for just the crimes he admitted pursuant to the plea agreement, i.e., kidnapping and attempted sexual assault.    At the time of Petitioner's crime, the presumed sentence for a conviction for kidnapping a person over the age of 15 was 5 years imprisonment, and the maximum sentence for kidnapping was 10 years imprisonment.    See id. §§ 13-701(c)(1)-(2) & 13-1406(B).    Petitioner faced a presumptive prison sentence of three and one-half years imprisonment for a conviction for attempted sexual assault.    See id. §§ 13-701(C)(2) & 13-1001 & 13-1406.

Additionally, Petitioner offers no evidence he did not understand or agree to the plea agreement.    Petitioner was

---

[5] See Arizona v. Hollenback, 126 P.3d 159, 164 (Ct. App. 2005); Arizona v. Kinslow, 165 Ariz. 503, 799 P.2d 844 (1990) (concluding the statute applicable to kidnapping a child under fifteen years of age required the court to sentence the defendant pursuant to the dangerous crimes against children statute).    The lenient crime sentencing classification provided for in Petitioner's plea agreement was arguably contrary to Arizona law.    See Arizona v. Rushton, 172 Ariz. 454, 837 P.2d 1189 (Ct. App. 1992) (concluding a sentence was illegal wherein the plea agreement permitted an attempted child molestation defendant to be sentenced under § 13-701 instead of the mandatory provisions of § 13-604.01).

questioned by the trial court regarding the factual basis for his plea and the trial court does not indicate Petitioner had difficulty understanding its questions. At the time he entered his plea, Petitioner indicated that he understood his options and the sentencing ranges applicable with and without the plea agreement. Answer, Exh. C at 17. Petitioner told the court he had read the plea agreement. Id., Exh. C at 17. Petitioner indicated he understood the plea agreement and understood the rights he was waiving by signing the plea agreement. Id., Exh. C at 17-18. Petitioner stated he had discussed his case and his "Constitutional rights" with his counsel. Id., Exh. C at 17. When asked if anyone had forced or threatened Petitioner to "make him" plead guilty, Petitioner responded "No." Id., Exh. C at 18. The court concluded Petitioner's guilty pleas were knowingly and intelligently made and accepted the plea agreement and Petitioner's guilty pleas. Id., Exh. C at 18-19.

A state court's factual finding that a plea was voluntary and knowing is entitled to a presumption of correctness by a federal habeas court. See Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir. 2004); Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). Additionally, Petitioner's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

-11-

allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D. Mass. 2003) (collecting cases so holding). Because Petitioner stated at the time of his guilty plea that the plea was knowing and voluntary, the Court concludes that the plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

Despite Petitioner's protestations to the contrary, Petitioner has not established that, absent his counsel's advice, he would have rejected the plea agreement and continued to trial, facing a presumptive term of at least 17 years in prison if convicted. Therefore, Petitioner is not entitled to federal habeas relief on the claim that he was not provided the effective assistance of counsel guaranteed by the Sixth Amendment. Plaintiff has not established that his counsel's performance was deficient, nor has Plaintiff established that, absent his counsel's advice, he would have proceeded to trial.

**III Conclusion**

Petitioner's claim that he was denied his right to the effective assistance of counsel may be denied on the merits. Petitioner has not met his burden of establishing that, absent his counsel's advice, Petitioner would have continued to trial on the charges against him. Petitioner has not established his counsel's advice as to the consequences of the plea was not

within the range of competence demanded of criminal attorneys. Therefore, Petitioner was not deprived of the effective assistance of counsel and the state courts did not err in denying relief from his conviction pursuant to this claim.

   **IT IS THEREFORE RECOMMENDED** that Mr. Guerrero's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

   This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

   Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of

-13-

law in an order or judgment entered pursuant to the

recommendation of the Magistrate Judge.

DATED this 18th day of October, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-14-